UNITED STATES DISTRICT COURT

WESTERN DISTRICT TEXAS

AUSTIN DIVISION

FILED
21 DEC -6 AM 9: 10
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

BILLY RAY JACKSON

Plaintiff)

v.

BRYAN DANIEL, In His Individual Capacity

JULIAN ALVAREZ III, In His Individual Capacity

AARON DEMERSON, In His Individual Capacity

Defendants

CASE NUMBER

1:21CV1107 LY

## COMPLAINT

Plaintiff

Comes now, the Plaintiff BILLY RAY JACKSON, 4802 Blueberry Trail, Austin, Texas 78723; P#: 512-436-6334 (has the right to file a lawsuit Pro se under the constitution and laws. (See. Elmore v. McCammon 1986) 640 F. Supp. 905); Pro se pleading are not to be considered without regard to technicality; pro se litigants are not to be held to the same high standards of perfection as lawyers. (see Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); (see Picking v. Pennsylvania R. Co., 151 Fed 2nd 240); (see Pucket v. Cox, 456 2nd 233); (see Haines v. Kerner, 404 U.S. 519 (1972); (see Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938); (see Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court Appeals); (see Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA); (see Haines v. Kerner 1972.SCT.7. The "Court errs if court dismisses pro se Litigant without instruction of how pleadings are deficient; and how to repair pleadings ;( "See Sims v. Aherns, 271 SW 720 (1925); and "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights. ("see Sherar v. Cullen, 481 F. 2d 946 (1973).

### DEFENDANTS

BRYAN DANIEL, In His Individual Capacity; JULIAN ALVAREZ III, In His Individual Capacity; and AARON DEMERSON, In His Individual Capacity, Texas Workforce Commission; 101 E 15th St, Austin, TX 78778, P#:512-463-2236.

## JURISDICTION PLEA

Federal courts are authorized to hear cases brought under section 1983 pursuant to 28 U.S.C.A. $ 1343(3) and 28 U.S.C.A. $ 1331(1948). The plaintiff has a direct stake and standing to sue in the outcome of a process with no respect to his fundamental rights for due process of law. The Defendant sent an email that informed the plaintiff that the State of Texas stopped participating in the federal pandemic unemployment claims programs on June 26, 2021. The Texas Workforce Commission (TWC) cannot pay unemployment benefits from and pay from any pandemic program even if your claim shows a balance of $8,034.00.Our records show you have exhausted your State Extended Benefits (EB), if you have worked since you last received regular state unemployment benefits, you may be eligible for another regular unemployment benefits if: (1). You have worked and earned enough wages in your base period, or the first four of the last five completed calendar quarters before the week you apply for benefit, you have an eligible reason for being unemployed an you are able and available for full-time work. (2).If you do not qualify for regular unemployment benefits, then you have exhausted all available benefits and there are no more unemployment benefits available to you at this time. You cannot appeal this email. Claims representatives do not have additional information. The Defendant's the three-member acting under color of law, and without due process implemented all plan changes without official guidance implemented all plan changes in the American Rescue Plan legislation that to effect extending benefits to the week ending September 04, 2021; and modified all plan changes to take effect to terminate all benefits the benefit week ending June 26, 2011, blocked or restricted access on plaintiff's scheduled payment request online (UI) system and phone, and denied the permission to files an appeal if plaintiff with decision or how to submit his appeal, leaving Section 1983 as the only avenue to redress persons acting under color of State law" encroaching on fundamental rights. This clause protects fundamental rights to due process fundamental rights are enforceable by the Courts.

## ELEMENTS

1. Defendant's subjected plaintiff to conduct that occurred under color of state law:

Bryan Daniel is the Chairman and Commissioner Representing the Public for the Texas Workforce Commission Governor Greg Abbott appointed him to the three-member Commission on July 29, 2019. Julian Alvarez III is the Commissioner Representing Labor of the Texas Workforce Commission Gov. Greg Abbott reappointed him to the three-member Commission on March 7, 2017. His commission appointment expires February 1, 2023, and Aaron Demerson – currently services as the Commissioner Representing Employers for the Texas Workforce Commission. Governor Greg Abbot Abbott appointed him to the three-member Commission on August 20, 2019.

"Encroached on plaintiff's entitled Privileges and Immunities fundamental rights to life, liberty or property without due process of law, to purposely and effectively put forth a false narrative that lead plaintiff to draw his attention ways for The Texas Workforce Commission and put his attention on the State of Texas as the violator of his fundamental right to due process of law. The Pandemic Economic Unemployment Compensation payment was a federally entitlement, in that the plaintiff had exhausted all state remedies "under State law" held some form of entitlement of continuation of long term, this is an "entitlement" and established custom of treating plaintiff's long unemployment "entitlement has be shown". Law-base relationship r expectation of continuation that process was "constitutional "property" was no longer just when the common law called it "property", it now included any legal relations with the State the State law regarded as in some sense and "entitlement, of the citizen. Unemployment roll were all defined by State laws as relations the citizen was entitled to keep until there was some reason to take them away, and therefore process was due before they could be taken away the formal "right/privilege" idea. The serious impact of the false claim that could not pay benefits after June 26, 2021, due to the State of Texas stopping it's participating in the federal pandemic unemployment claims program without making a Determination on Payment of Unemployment Benefits, that plaintiff if he disagreed with the decision, had permission to appeal, which makes them liable under color of law, for deprivation of "due process of law" in their individual capacities. The Defendants the three-member commission, together acting in concert, with apparent authority and specific power" under color of State law "implemented all plan changes enacted by The American Rescue Plan legislation that was to take effect on extending plaintiff's benefit amount of $309.00 (PEUC) and additional amount of $300.00 (FPUC) which federal legislation extended benefits to the week ending September 04, 2021, without receiving official guidance modified the agency' computer system  "without due process of law", and without good cause "implemented all Plan changes to take effect the benefit week ending on June 26, 2021. The serious impact of this action effectively Terminated plaintiff's mandatory mandated federally entitled unemployment insurance claim a Federal and a State Entitlement he had exhausted all State remedies "under State law" held some form of entitlement of continuation of long term "entitlement has been shown") "under color of State law", without due process of law" and "without good cause, kept plaintiff balance of $8,034.00, and exhausted plaintiff State Extended Benefits (EB), and there are no more unemployment benefits available to you at this time disqualified plaintiff's eligible for another unemployment benefit claim until: (1). He have worked ad earned enough wages I your base period, or the first four of the last five completed calendar quarters before the week you apply for benefit. (2). Plaintiff has an eligible reason for being unemployed, and (3). Plaintiff is able and available for full-time work. Plaintiff alleges that the Honorable Greg Abbott, Governor of Texas, issued a disaster proclamation on March 13, 2020, certifying under Section 418.014 of the Texas Government Code that the novel coronavirus (COVID-19) poses an imminent threat of disaster for all counties in the

State of Texas; and in each subsequent month effective through November 27, 2021, I have issued proclamations renewing the disaster declaration for all Texas counties; and the Honorable Xavier Becerra as a result of the continued consequences of the Coronavirus Disease 2019 (COVID-19) pandemic, on this date and after consultation with public health officials as necessary, and where the Honorable Xavier Becerra, Secretary of Health and Human Services, pursuant to the authority vested in me under section 319 of the Public Health Service Act, do hereby renew, effective October 18, 2021, the January 31, 2020, determination by former Secretary Alex M. Azar II, that he previously renewed on April 21, 2020, July 23, 2020, October 2, 2020, and January 7, 2021, and that I renewed on April 15, 2021 and July 19, 2021, that a public health emergency exists and has existed since January 27, 2020, nationwide; and the Honorable John W.Hellerstedt, M.D. Commissioner of the Department of State Health Services, issued a public health disaster declaration on March 19, 2020, certifying that the introduction and spread of the communicable disease known as COVID-19 in the State of Texas has created an immediate threat, poses a high risk of death to a large number of people and creates a substantial risk of public exposure because of the disease's method of transmission and evidence that there is community spread in Texas; and have determined on each of the subsequent days, determined that COVID-19 continues to present an immediate threat, poses a high risk of death to a large number of people and creates a substantial risk of public exposure because of the disease's method of transmission and evidence that there is community spread in Texas; April 18, 2020, May 15, 2020, June 15, 2020, July 15, 2020; August 17, 2020; September 17, 2020; October 16, 2020, November 13, 2020, December 15, 2020, January 15, 2021, February 12, 2021, March 12, 2021, and April 9, 2021.

## Allegations 3

Plaintiff alleges that the Defendants the three-member commission, together acting in concert with apparent authority and specific power "under color of law" deprived plaint of his mandatory mandated federally entitled unemployment insurance payments weekly amount of $309.00 (PEUC) and additional amount of $300.00 (FPUC) when due; July 11, 2021, July 25, 2021, August 8, 2021, August 22, 2021 and September 5, 2021. Plaintiff alleges that he attempted to submit his payment request online (UI) system and phone, but access was block and or restricted, because his claim had the terminated "with due process of law" on June 27, 2021. Therefore, plaintiff had to resort successfully submitting his payment request by the online contact request intake submission on July 11, 2021, then; continuously until September 05, 2021, and remain eligible for each claim week by continuing to meet all ongoing requirements. The American Rescue Plan legislation extended benefits to the week ending September 4, 2021. Therefore, the plaintiff had a federal entitlement to the Pandemic Emergency Unemployment Compensation (PEUC) of $309.00; and the additional Federal Pandemic Unemployment Compensation of $300.00; when due on; July 11, 2021, July 25, 2021, August 8, 2021, August 22, 2021 and September 5, 2021. Plaintiff had exhausted all of his State remedies "under State law "and held some

## REMEDIES

WEREFORE plaintiff prays the Honorable Judge of said Court grants attorney fees, court cost and filing fees; Nominal Damages-$One(1) dollar; Compensatory Damages of-$93,348.00; there is sufficient evidence of the defendant's reckless or callous indifference to the section 1983 plaintiff's federally protected rights and Punitive Damages Trial by Jury. Malice or ill will is not required. **Smith v. Wade**, 461 U.S. 30 (1983), and other remedies plaintiff is entitled.

Nominal Damages:   $one-(1) dollar

Compensatory Damages:

Remaining balance due: $8,034.00 x three (3) Defendants total amount $24,102.00.

Civil Litigation

July three (3) weeks 8 hours $297.00 an hour total amount $7,128.00;

August four (4) 8 hours $297.00 an hour total amount $9,504.00;

September four (4) weeks 8 hours $297.00 an hour total amount $9,504.00;

October four (4) weeks 8 hours $297.00 an hour total amount $9,504.00;

November five (5) weeks 8 hours $297.00 an hour total amount $11,880.00;

December one (1) week 8 hours $297.00 an hour total amount $7,128.00;

Plus $297.00 an hour, for time spending for legal research preparing documents and expenses until final judgement or Appointment of Counsel is granted.

*Billy Ray Jackson* (signature)

BILLY RAY JACKSON

4802 BLUE BERRY TRAIL

AUSTIN, TEXAS, 78723

PHONE#: 512-436-633