# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **BILLY RAY JACKSON,** *Plaintiff* § § § | |
| v. § § | **Case No. 1:21-cv-1107-LY-SH** |
| **BRYAN DANIEL, JULIAN ALVAREZ III AND AARON DEMERSON, IN THEIR INDIVIDUAL CAPACITIES,** *Defendants* § § § § | |

## ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1), Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2), Plaintiff's Motion for Appointment of Counsel (Dkt. 3), and Plaintiff's Motion for Permission to File Electronically (Dkt. 4),[1] all filed on December 6, 2021. The District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management of Cases Seeking Judicial Review of Social Security Decisions for the Austin Division. Dkt. 5.

### I.   Motion To Proceed *In Forma Pauperis*

Plaintiff seeks leave to avoid prepayment of court fees and costs. After reviewing his Application, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** that he may proceed in this action without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the

---

[1] The Court **GRANTS** Plaintiff permission to file electronically.

1

allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Standard of Review

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's pro se status, however, does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Analysis

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 against Texas Workforce Commission Commissioners Bryan Daniel, Julian Alvarez III, and Aaron Demerson, in their individual capacities. Plaintiff alleges that Defendants terminated his unemployment benefits in violation of his due process rights. However, "a plaintiff cannot argue that [his] due process rights have been violated when [he] has failed to utilize the state remedies available to [him]." *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 519 (5th Cir. 1998); *see also Salinas v. Texas Workforce Comm'n*, 573 F. App'x 370, 373 (5th Cir. 2014) (holding that plaintiff's failure to exhaust administrative and state court remedies was fatal to his due process claim). Accordingly, before being permitted to pursue this action, Plaintiff must demonstrate that he has exhausted his administrative remedies with regard to his unemployment benefits.

The Court **ORDERS** Plaintiff to file a More Definite Statement by **March 4, 2022**, providing proof that he has exhausted his administrative remedies with respect to his unemployment benefits. The Court warns Plaintiff that failure to fully comply with this Order by the deadline will result in the Court's recommendation that this case be dismissed.

**SIGNED** on February 23, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE