# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **BILLY RAY JACKSON,**<br>***Plaintiff***<br><br>**v.**<br><br>**BRYAN DANIEL, JULIAN ALVAREZ III, and AARON DEMERSON, in their individual capacities,**<br>***Defendants*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 1:21-cv-1107-LY-SH** |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Complaint (Dkt. 1), Plaintiff's Motion for Appointment of Counsel (Dkt. 3), and Plaintiff's Motion for Partial Summary Judgment (Dkt. 8). The District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management for the Austin Division. Dkt. 5.

## I. General Background

### A. The CARES Act

In response to the COVID-19 global pandemic, on March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to provide economic assistance to individuals and businesses to mitigate the effects of the pandemic. 42 U.S.C. § 801. The CARES Act created several temporary federally funded programs that states could opt into to supplement their state unemployment benefit programs, including the Pandemic Emergency Unemployment Compensation ("PEUC") program, which gave an extra thirteen weeks of benefits

for those who had exhausted their state benefits. 15 U.S.C. § 9025. Under the PEUC, "[a]ny State which desires to do so may enter into and participate in an agreement under this section with the Secretary of Labor." *Id.* at § 9025(a)(1). The PEUC further provided that "[a]ny State which is a party to an agreement under this section may, upon providing 30 days' written notice to the Secretary, terminate such agreement." *Id.* The temporary PEUC program ended on September 6, 2021. *Id.* at § 9025(g)(2).

The State of Texas initially entered into an agreement with the Secretary of Labor to administer the CARES Act pandemic unemployment programs. However, on May 17, 2021, Texas Governor Greg Abbott sent a letter to the Secretary of Labor to inform him that Texas no longer desired to participate in the federal unemployment programs, effective June 26, 2021. *Dickerson v. Texas*, No. CV H-21-2729, 2021 WL 4192740, at *1 (S.D. Tex. Sept. 15, 2021).

**B. Plaintiff's Lawsuit**

Plaintiff Billy Ray Jackson, a Texas resident, was receiving unemployment payments through the temporary PEUC during the pandemic. In Texas, the Texas Workforce Commission ("TWC") is responsible for administering the State's unemployment compensation program. *Id.* After Plaintiff was notified by the TWC that his PEUC benefits were being terminated, Plaintiff filed this civil rights lawsuit under 42 U.S.C. § 1983 against TWC Commissioners Bryan Daniel, Julian Alvarez III, and Aaron Demerson, in their individual capacities. Plaintiff alleges that the PEUC benefits were a "federal entitlement" and that the Defendants' termination of those benefits denied him of his property rights under the Due Process Clause. Plaintiff seeks monetary damages, punitive damages, and attorneys' fees and court costs.

On February 23, 2022, the undersigned Magistrate Judge granted Plaintiff's Motion to Proceed *In Forma Pauperis* and ordered that he may proceed in this action without prepayment of fees or

costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Dkt. 2. Because Plaintiff was granted leave to proceed *in forma pauperis*, the Court was required by standing order to review his Complaint under § 1915(e)(2) for frivolousness, but the Court was unable to do so at that time without further information. Accordingly, the Court ordered Plaintiff to file a More Definite Statement to show whether he had exhausted his state administrative remedies with regard to his unemployment benefits. Dkt. 6. On February 28, 2022, Plaintiff filed his More Definite Statement. Dkt. 7 at 8-10.

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Plaintiff's lawsuit should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of these recommendations.

## II. Motion for Appointment of Counsel

The Court may appoint counsel in *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(e)(1). District courts have discretion under Section 11915(e)(1) to appoint an attorney to represent an indigent litigant in federal court. However, "the appointment of counsel in a civil case is a privilege and not a constitutional right" and "should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *see also Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (finding that "[a civil rights complainant has no right to the automatic appointment of counsel" and must show that his case presents "exceptional circumstances warranting the appointment of counsel"). In evaluating whether appointment of counsel is proper under Section 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

While Section 1983 cases are by their nature more complex than many other cases, Fifth Circuit case law “dictates that counsel must be appointed only in exceptional civil rights cases.” *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986). The Court has considered the *Ulmer* factors and concludes that this is not an exceptional civil rights case which justifies the appointment of counsel. *Akasike*, 26 F.3d at 512 (holding that civil rights claimant did not show that his case presented “any exceptional circumstances warranting the appointment of counsel”).

The record demonstrates that Plaintiff has done a very credible job prosecuting his case, filing numerous motions and complying with court orders. Plaintiff has offered a detailed recitation of the facts of his case and shown an ability to investigate and prosecute the case adequately. The Court concludes that Plaintiff can adequately develop the facts and present his case in any further proceedings before the Court. *See Jackson*, 811 F.3d at 262 (denying motion to appoint counsel in civil rights case where case did not present exceptional circumstances and plaintiff demonstrated ability to represent himself adequately). Accordingly, the Court **DENIES** Plaintiff’s Motion for Appointment of Counsel (Dkt. 3).

## III. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). A complaint lacks an arguable factual basis only if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

**B. Plaintiff's Lawsuit Should Be Dismissed Under Section 1915(e)(2)(B)**

Pursuant to Section 1983, Plaintiff alleges that the Defendants violated his due process rights under the Fourteenth Amendment by terminating his unemployment benefits under the CARES Act. The Fourteenth Amendment provides, in relevant part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. To allege a claim under the substantive due process clause of the Fourteenth Amendment, a plaintiff must first allege "a deprivation of a constitutionally protected right." *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006). Plaintiff has failed to do so.

Plaintiff alleges that the PEUC benefits were a "federal entitlement" and that Defendants' termination of those benefits denied him of his property rights under the due process clause of the Fourteenth Amendment. Dkt. 1 at 3. However, "the Due Process Clause does not protect everything that might be described as a 'benefit.'" *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005). "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Id.* (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). In other words,

> the mere existence of a governmental program or authority empowered to grant a particular type of benefit to one such as the plaintiff does not give the plaintiff a property right, protected by the due process clause, to receive the benefit, absent some legitimate claim of *entitlement*—arising from statute, regulation, contract, or the like—to the benefit.

*Blackburn v. City of Marshall*, 42 F.3d 925, 941 (5th Cir. 1995). "Such entitlements are, of course not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Gonzales*, 545 U.S. at 756 (cleaned up). In addition, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.*; *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 735 (5th Cir. 2008).

Plaintiff identifies no state statute, rule, or provision that creates a property right in supplemental unemployment benefits under the CARES Act. Instead, "the CARES Act created *temporary* federal benefits to *supplement* state benefit programs." *Moss v. Lee*, No. 3:21-CV-00561, 2022 WL 68388, at *6 (M.D. Tenn. Jan. 6, 2022). Courts have found that the CARES Act did not create state property rights in those supplemental benefits because "federal law specifically allows states to exercise discretion in ending their distribution of the federal supplemental

benefits." *Id.*; *see also Dickerson v. Texas*, No. CV H-21-2729, 2021 WL 4192740, at *3 (S.D. Tex. Sept. 15, 2021) (holding that supplemental unemployment benefits under the CARES Act are not protected property rights).

As noted, the PEUC statute specifically provides that "[a]ny state which is a party to an agreement under this section may, upon providing 30 days' written notice to the Secretary, terminate such agreement." 15 U.S.C. § 9025(a)(1). "Such discretion is enough to place the benefit outside the scope of a property interest. Here, the CARES Act not only fails to limit discretion, but it also specifically grants the state sole discretion to terminate the federal supplemental benefits." *Id.* As the Honorable Lynn Hughes reasoned in *Dickerson*,

> The unemployment benefits here were not removed on an individual basis. The Governor made the discretionary decision to end the federal programs that allowed for additional benefits. This was a generally applicable law that was removed for all Texas citizens. All of the people in these programs were left with the Texas benefits with which they started. The state's baseline unemployment benefits remain intact—those were the protected entitlements. Because the additional benefits could be discretionarily removed, they are not protected nor are they entitlements.

2021 WL 4192740, at *3; *see also Witzke v. Donofrio*, No. CV 20-12594, 2021 WL 22467, at *5 (E.D. Mich. Jan. 4, 2021) (finding that plaintiff did not have a property interest in CARES Act unemployment benefits); *Domestic Violence Survivors Support Grp., Inc. v. Crouch*, No. 2:18-CV-00452, 2020 WL 6142832, at *9 (S.D. W.Va. Oct. 19, 2020) (holding that plaintiff failed to allege a due process claim for denial of CARES Act funds because plaintiff failed to sufficiently allege deprivation of a cognizable property interest).

Because Plaintiff has failed to allege a property right in the CARES Act unemployment benefits, he has failed to allege a violation of the due process clause of the Fourteenth Amendment. *See Da Vinci Inv., Ltd. P'ship v. City of Arlington, Texas*, 747 F. App'x 223, 226 (5th Cir. 2018)

("Without a protected property interest, there can be no substantive due process violation."). Because Plaintiff has failed to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6), his Complaint should be dismissed as frivolous.

**C. Amendment Would Be Futile**

Under Federal Rule of Civil Procedure 15(a), a district court should give a plaintiff leave to amend his complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Id.* As explained above, Plaintiff is unable to state a plausible due process claim under the facts of his case. Accordingly, the Court recommends denying any request for leave to amend.

## IV. Order and Recommendation

The undersigned **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2) without leave to amend, and **DISMISS AS MOOT** Plaintiff's Motion for Partial Summary Judgment (Dkt. 8).

Plaintiff's Motion for Appointment of Counsel (Dkt. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate's docket and **RETURN** it to the Honorable Lee Yeakel's docket.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 18, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE